UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-22405-CIV-COHN/SELTZER

JHON W. AGREDA,

    Plaintiff,

vs.

PORTOFINO CAFÉ, INC., a Florida
corporation, and TONINO DOINO,

    Defendant.

_____/

ORDER

THIS CAUSE is before the Court on Defendants Portofino Café, Inc. and Tonino Doino's Motion to Compel Discovery (DE 17) and was referred to the undersigned pursuant to 28 U.S.C. § 636 (DE 5).[1]

Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et. seq., and the Florida Minimum Wage Act, Fla. Stat. § 448.110, Plaintiff Jhon Agreda brings this action against Defendants – his former employer, Portofino Café., and its director/manager, Tonino Doino – alleging claims for unpaid overtime compensation and/or unpaid minimum wages. See Amended Complaint (DE 1). For the wrongs alleged, Plaintiff seeks, inter alia, compensatory damages, liquidated damages, and attorney's fees and costs. See id. Defendants have denied liability and have asserted various defenses, including that "Plaintiff is within the commissioned work exemption as detailed in 29 U.S.C. § 207(i)." Answer at 4 (DE 11); see Reply (DE 21) (contending that Defendants are

---

[1] Motions to compel discovery are committed to the sound discretion of the court. See Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).

"exempt from the wage and overtime law under 29 U.S.C. § 207(i) because the Plaintiff's pay was in the nature of commissions that came exclusively from a mandatory 18% service charge . . ."); Response at 3 (DE 20) (contending that the "alleged service charge is really a tip or gratuity"). The parties are engaged in discovery. See Scheduling Order (DE 5) (setting October 22, 2012, as deadline to complete discovery and setting November 8, 2012, as deadline to file dispositive motions).

While engaging in discovery, Defendants served Plaintiff with Production and Admission Requests, to which Plaintiff responded. See Motion (DE 17). On October 9, 2012, Defendants filed the instant Motion (DE 17), challenging Plaintiff's responses to their discovery requests and seeking the previously requested information. The Court having considered the briefed Motion (DE 17, DE19, DE 20, and DE 21) and being otherwise fully advised, it is hereby ORDERED as that the Motion is GRANTED in Part and DENIED in Part as follows:

1.   To the extent that Defendants move the Court to compel Plaintiff to provide responses to Request for Admission Nos. 3, 4, 5, and 6 and to produce documents responsive to Production Request Nos. 1, 2, and 5, it is DENIED as MOOT. See Joint Status Report (DE 19) (outlining agreements reached between the parties regarding these discovery requests).

2.   To the extent that Defendants move the Court to compel Plaintiff to produce documents responsive to Production Request No. 3, it is GRANTED. In this request, Defendants seek Plaintiff's complete 2010 tax return to show, inter alia, "the nature of the Plaintiff's compensation" and "the manner in which the Plaintiff treated the income he received from Defendants." Reply at 3 (DE 21); see also Motion at 7 (DE 17). In

response, Plaintiff contends that "Defendants' request for Plaintiff's income tax return is a fishing expedition that should not be granted." Response at 5 (DE 20) (objecting to production on relevancy grounds). "[D]iscovery, [however,] should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought has no possible bearing on the claims and defenses of the parties or otherwise on the subject matter of the action." Jeld-Wen, Inc. v. Nebula Glass Int'l, Inc., No. 05-60860-CIV, 2007 WL 1526649, at *2 (S.D. Fla. May 22, 2007); see, e.g, Walker v. Americare Radiographics, Inc. et al., No. 10-60340-CIV, 2010 WL 4064022, at *1 (S.D. Fla. Oct. 15, 2010) (ordering production of Plaintiff's tax returns in FLSA case as "[t]he requested [tax] documents may be admissible or may well lead to the discovery of admissible evidence"); Callaway v. Papa John's USA, Inc., No. 09-61989, 2010 WL 4024883, at *2 (S.D. Fla. Oct. 12, 2010) (compelling production of Plaintiffs' tax returns in a FLSA action); Guerra v. Prof'l Plumbing Corp., No. 09-20882, 2009 WL 2834837 at *1 (S.D. Fla. Aug. 27, 2009) (emphasizing that the "tax records sought by Defendant clearly fit within the broad definition of relevance under Fed. R. Civ. P. 26" and compelling production of Plaintiff's tax returns in a FLSA action); see also Reply (DE 21) (discussing relevancy of Plaintiff's 2010 tax return).  And Plaintiff has failed to persuade the Court that the requested tax return falls outside the ambit of discoverable information. See, e.g, Milinazzo v. State Farm Ins. Co., 247 F.R.D. 691, 695 (S.D. Fla. 2007) (discussing the burden of the party resisting discovery to show "either that the requested discovery (1) does not come within the broad scope of relevance as defined under Rule 26 or (2) is of such marginal relevance that the potential harm occasioned by discovery would far outweigh the ordinary presumption in favor of broad

disclosure"). Accordingly, on or before October 30, 2012,[2] Plaintiff shall provide Defendants with all documents responsive to Defendants' Request for Production No.3.[3]

    3. To the extent Defendants seek an award of attorney's fees incurred in making the instant motion, it is DENIED. Here, the Court finds that the totality of the circumstances makes an award of expenses (including attorney's fees) unjust. See Fed. R. Civ. P. 37(a)(5).

DONE AND ORDERED in Fort Lauderdale, Florida, this 22nd day of October 2012.

Copies to:

Honorable James I. Cohn
United States District Judge

All Counsel of Record

_____
BARRY S. SELTZER
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[2] The Court is aware that this completion date is outside the October 22, 2012 discovery deadline. This Order does not extend any other pretrial or trial deadlines and does not authorize the taking of any other discovery after October 22, 2012.

[3] In order to obviate any privacy concerns, the parties are encouraged to enter into a Confidentiality Agreement. Moreover, until such time as an Agreement is reached, Plaintiff's tax return produced pursuant to this Order shall be treated as confidential and shall be used only for the purposes of this pending litigation.